## In the Court of Common Pleas of Schuylkill County.

### ALTER, FOCHT, ET AL., *v.* BOWMAN.

When tenants operating under a lease to mine coal, have worked over their boundary line into adjoining land leased to other tenants, and this clearly is established or conceded, a court of equity will enjoin against any further working.

Where, however, the line is in dispute, an injunction will not be granted until the rights of the respective parties are settled at law or in equity.

Injunction.

Opinion delivered by

WALKER, J. The complainants in this bill ask the court for a special injunction to restrain the defendants from working the Buck Mountain·vein of coal on the property of the Delano Land Co.

The evidence shows that on the 1st of July, 1864, the Delano Land Company made a lease to Solomon Alter, Daniel Focht, and other complainants of "all the veins of coal which lie.between the veins leased to Oliver O. and Jonas Bowman, and those leased to Ruff & Lawton, and having a southern dip between the western line of the Daniel Hurley tract and the eastern line of the William Dewart tract."

The lease to the Bowmans referred to, was made 5th November, 1862, and having been cancelled, another one was made to them by the company, on May 1st, 1865, and which calls for the anticlinal axis which constitutes the northern boundary of the Alter and Focht lease.

From the affidavits of the surveyors and others it is established (and conceded by the defendants) that the Bowmans and those claiming under them have crossed their southern boundary some distance with their gangway as shown on a map and are now mining coal in the territory leased to Alter and Focht.

To prevent the further working of these defendants this injunction is asked for.

Courts of equity will not usually exercise jurisdiction in cases of private nuisance or disturbance of easements, *when the right of the Complainant is disputed*, until he has established his claim in an action of law.

Rhea vs. Forsyth, 1 Wr., 503. Mammoth Vein Coal Co. Appeal, 4 P. F. S., 183 ; Brown's Appeal, 12 P. F S., 17

But in the present case the authority of the complainants under their lease to mine coal from the veins referred to is *undisputed*, and as the boundary line between the parties is ascertained and marked by surveyors chosen by both sides, the right of the Complainants is *clear* and *certain* and under the 13th section of the act of 16 of June, 1836, relative to courts of equity, (Purdon's Digest. 591) the jurisdiction is established whenever the nature of the injury is such that it cannot be adequately compensated by damages or will occasion a constantly recurring grievance. Adams' Equity, 210; 2 Story Equity, 925. Eckert, et al. vs. Ferst, et al., 1 Leg. Chron. R., 329.

In this bill, however, Warren Delano, Jr., Wm. Gihon, John Tucker, Edward King and William Stevenson, trustees of the land and lessors, are joined with the lessees, and an injunction is asked against all the defendants. The only question now is, can this injunction issue against the lessees.

Several affidavits have been read upon the question of location, condition of the operation, and of the trespass complained of.

The lessors have put in an answer denying that the lease of 1865, to the Bowmans, conflicts with their lease to Alter & Focht, and they contend that their answer, at this stage of the proceedings, must be taken as true, and that the clause of indemnity in plaintiff's lease, relative to the interferences of the other tenants on the same tract is a full answer to their complaint.

As to the first point the rule appears to be that the answer to a bill in equity, denying the statements in the bill, and averring otherwise is to be taken as true *in the absence of evidence to the contrary.* Paul v. Carver, 12 Harris, 207; Russel's Appeal, 10 Casey, 258 ; Dohnert's Appeal. 14 P. F. S., 315. But when a replication is filed, it is otherwise. Hengst's Appeal, 12 H., 413. See also, 16 P. F. S., 483.

2nd. As to the clause of indemnity. The evident meaning of this proviso is to protect the lessors, where an interference arises under a *previous* letting, in the absence of correct information as to the veins already leased.

It certainly cannot mean that after the landowners have leased certain land to Alter & Focht, they could afterwards make a lease to the Bowmans of any part of it, without liability. For if they could lease one foot of previously demised territory, they could lease the whole. Such a construction would be unfair and unreasonable. But the lessors contend that the limits of the lease of 1865, are the same as that of 1862.

The lease of 1865 calls for the anticlinal axis, which constitutes the northern boundary of the Alter & Focht lease, and which, when execu-

ted, was fixed and established. The courses and distances are given also, but as an adjoiner has been called for, it must govern. The rule of law being that where land is described in a deed or official survey by courses and distances and also by calls for adjoiners, the latter when there is a discrepancy invariably govern. Cox v. Couch, 8 Barr, 147 ; Petts v. Gaw, 3 Harris, 222 ; Mackentile vs. Savoy, 17 S. & R., 104. Except where the lines have been run and marked on the ground. Quinn v. Heart, 7 Wr., 337; Blasdell v. Bissell, 6 Barr, 258 ; Craft v. Yeaney 16 P. F. S., 210.

There had been no lines run or marked on the ground previous to the filing of this bill. The call for the adjoiner must govern. Besides this the plaintiffs have shown by the testimony of Peter Bowman that William Stone, the superintendent of the landlords, gave notice to the Bowmans not to work beyond the anticlinal axis, which all parties claim is the northern boundary of complainants' lease. There is no evidence to show that the lessors have done any act or thing in the premises for which they should be restrained.

On the contrary it is shown that in the lease of 1865, they limit the Bowmans to the northern boundary of the lease of 1864, and by their superintendent, they gave notice not to interfere with complainants' workings.

The injunction therefore as to them is refused, but as to O. O. Bowman and Jonas Bowman and those claiming under them,

Injunction granted.